THE judgment of the court, on a re-hearing, (Eustis, C. J. being absent,) was pronounced by
Slidell, J.
The defendant has applied for a re-hearing, contending that the court erred in sustaining the plaintiff’s title on the ground of prescription. Courts, it is said, cannot supply the plea of prescription, and the plaintiff has not pleaded it. It is true, that the plaintiff has not specially set up prescription in his petition. B.ut if it be conceded, under the general rules of pleading, that in alleging his ownership of the slave, it was necessary for him to plead specially an acquisition of title by prescription, in order to avail himself of it, it is necessary to inquire, whether, under the circumstances of this case, the defendant can be now permitted to raise the objection.
The object of pleading is notice to the opposite party, so that he shall not be taken by surprise on the trial of the cause. Hence, it was rightly held, in Ory v. Winter, that, if it appears from the circumstances attending the progress of the cause in the court below, that, in point of fact, the plaintiff was not surprised, but had ample information of the grounds on which the defendant claimed a deduction from the plaintiff’s demand, the defendant ought not to lose his claim, or be turned round to litigate it in another action. It is most conclusively shown, said the court, by the fact of taking depositions to support the defence, long before the trial, at the taking of which the plaintiff', by his counsel attended, that he was fully apprized of the grounds on which the defendants relied. See also Ralsha v. Barclay, 6 M. R. 650.
Now, what are the circumstances of the present case ? In his petition, the plaintiff alleged ownership, by purchase from Bagby and delivery, and that thereafter the slave was feloniously taken from his possession. At the first trial of the cause, the plaintiff offered in evidence portions of the Alabama statute of limitations, applicable to the subject matter of slaves, which are there considered personal property. To their admission in evidence the defendant objected; not on the ground that prescription was not pleaded, but simply upon the ground that parts of a statute could not be offered. The objection was overruled by the district judge. When the cause came before us on the former appeal, it was not urged that the subject of prescription was not before us, because not pleaded. On the contrary, we find the learned counsel for the defendant then using the following language: “ The law of *532 Alabama, introduced in evidence by plaintiff, was merely for the purpose of sustaining the prescription of Delane's rights. In order that this plea co.u!4 avail him, he must prove that he is a bond fide purchaser, or tljat his vendors held under as good title, which has not been done.” The cause was tried again in 1849- In 1847, before the first trial, a commission was taken out by the plaintiff, for the examination of witnesses in Alabama. The interrogatories of the plaintiff were directed to the subject of possession. The cross-interrogatories propounded by the defendant were directed to the requisites of prescription in th^ State. Under them the possession of the plaintiff’s vendor was shown on the one hapd, ¡and, on the other hand, the limitation of actions for ,the recovery of slaves. The testimony thus taken was received in the court below without exception, on the ground that prescription was not pleaded. Under these circumstances, we are of opinion, that the grounds presented for re-hearing, is untenable. Some other matters are noticed in the application; which are irrelevant to the point upon which tlje case turned.,
The re-hearing is therefore refused.