ROBERT RAMSDEN & wife *vs.* BOSTON & ALBANY RAILROAD
COMPANY.

A railroad corporation is responsible for an assault and battery by the conductor of one of
its trains upon a passenger in seizing or attempting to seize his property to enforce pay-
ment of his fare.

TORT for an assault and battery. The declaration was as
follows: " And the plaintiffs say that Ellen Ramsden, the female
plaintiff, on August 7, 1868, got on the cars belonging to the
defendants, at Newton Corner in the county of Middlesex, to
go to West Newton, between the hours of nine and ten in the
evening; that on demand of one Twitchell, conductor of the
train, a servant of the defendants, in their employ, she paid him
fifteen cents for her fare to West Newton; that soon thereafter
said Twitchell again called upon her for her fare, and she de-
clined to pay him, as she had once paid him, when said Twitch-
ell, using gross, insulting and abusive language, attempted to
extort said fare from her, and then grossly, wantonly and pub-
licly assaulted her person, to force said fare from her, and pulled,
wrenched and twisted her parasol from her hands, against her
will and efforts to retain it, to hold as security for the payment
of said fare; that said plaintiff Ellen was thereby put in great
fear, both in body and mind, and was made sick, and thereby,
being with child, a miscarriage was caused, and she was impris-
oned for the space of seven weeks, and was compelled to pay
fifty dollars for medical attendance, and said plaintiff Robert
thereby lost the service of his said wife Ellen for said seven
weeks, of the value of fifty dollars; to the damage of the plain-
tiffs, as they say, in the sum of one thousand dollars." The
answer denied each and every allegation of the declaration, and
alleged that " if any person did the acts complained of, it was
not as the defendants' servant or agent, or under such instruc-
tions that they are in any manner responsible for his acts or
omissions." Trial in the superior court, before *Reed,* J., who
made the following report to this court:

Ramsden *v.* Boston & Albany Railroad Company.

"This is an action of tort. The pleadings make a part hereof. The plaintiffs introduced evidence tending to show that the female plaintiff got on board the defendants' cars at Newton Corner, for the purpose of going to West Newton in an evening train; that she paid the fare to the conductor; that afterwards the conductor demanded the fare again; that she said she had before paid it; that the conductor told her she lied; that the conversation between them was in a loud tone; that the attention of people in the cars was attracted by it; that she was confused and shamed and excited by it; that the conductor demanded of her that she should give him her parasol to keep as security, or as payment for the fare; that she refused; that he took hold of it, and after somewhat of a struggle took it away from her; and that, by reason of this, the said plaintiff, a few days afterwards, was prematurely delivered of a child, and had suffered much in health.

"After the testimony for the plaintiffs was concluded, the judge announced to the counsel that at the conclusion of the case, whenever that should be, the rulings would be as follows; and that, after hearing them, the counsel upon the one side or the other might proceed or not with the case to the jury, as they might elect. These are the rulings: 'Upon the pleadings, the action is tort in the nature of trespass for an assault. In order to maintain the action, the plaintiffs must show that an assault was committed upon the female plaintiff. A conductor, by virtue of his implied authority as such, that being the only authority shown in this case, has no right to seize articles of property belonging to a passenger for the purpose of thus enforcing the payment of fare. And if a conductor does this, or attempts to do this, and, in so doing, and for the sole purpose of seizing such property, commits an assault on a passenger, the corporation is not responsible in trespass for such acts.' Upon the announcement of these rulings, with the foregoing statement made by the judge to the counsel, the plaintiffs' counsel consented to a verdict for the defendants."

*I. D. Van Duzee,* for the plaintiffs.

*G. S. Hale,* for the defendants. It must be assumed, on this report, that there is nothing to charge the defendants unless they would be liable on the precise facts assumed in the ruling.

The conductor, by virtue of his implied authority as conductor, (which is the only authority shown in the case,) had no right to seize property of a passenger to enforce payment of a fare. His only authority was to demand and receive the fare, and perhaps eject the passenger refusing to pay it. The corporation has a right to lay a toll on passengers. Gen. Sts. *c.* 63, § 112. And a passenger refusing to pay the toll on demand has no right to transportation. § 113. It may be inferred that a conductor, being appointed to collect the toll, has authority to refuse transportation if the toll is refused. But a conductor, as such, has not authority to commence a suit for the corporation. *Ashuelot Manufacturing Co.* v. *Marsh,* 1 Cush. 507. And therefore he has no implied authority to cause the seizure of a passenger's property by legal process; nor *a fortiori* to seize it himself without process. He having no such implied authority, the corporation cannot be liable for his acts in attempting to exercise it. Nor could the defendants have given him such an authority expressly, if they had wished to; they having no right to exercise it themselves. And further, on the ruling in this case the assault was committed "for the sole purpose of seizing the property." Suppose that the conductor had followed the plaintiff to her home, and had there seized the property, would these defendants have been liable? Would a creditor, who sends a person to collect his bills, be liable for an assault by the collector, or a forcible seizure of the debtor's property from his person, on account of the implied authority given the collector? Would a plaintiff be liable for an illegal attachment of property by an officer who was directed to serve the writ by arrest? Would he be liable for an illegal seizure by an officer, sent to replevy specified property, of other and different property, in order to force the delivery of the former?

The case falls strictly within the principle thus stated by Hoar, J., in *Howe* v. *Newmarch,* 12 Allen, 49, 56, 57 : " The master is not responsible as a trespasser, unless, by direct or im-

plied authority to the servant, he consents to the wrongful act. But if the master give an order to the servant which implies the use of force and violence to others, leaving to the discretion of the servant to decide when the occasion arises to which the order applies, and the extent and kind of force to be used, he is liable if the servant in executing the order makes use of force in a manner or to a degree which is unjustifiable." The only order to be presumed to have been given by the defendants to the conductor, in the case at bar, is that arising from his employment as a conductor, to collect fares. This cannot be held to imply the use of force and violence in obtaining a fare, unless to prevent the passenger refusing to pay it from being carried in the cars. The only thing left to the conductor's discretion, as to the occasion, was to judge whether the fare was improperly refused, and whether the plaintiff should be removed therefor. The only thing so left, as to the extent and kind of force to be used, was what extent and what kind should be used to remove the passenger from the cars. See also *Poulton* v. *London & Southwestern Railway Co.* Law Rep. 2 Q. B. 534 ; *Roe* v. *Birkenhead, Lancashire & Cheshire Junction Railway Co.* 7 Exch. 36 ; *Eastern Counties Railway Co.* v. *Broom,* 6 Exch. 314 ; *Lyons* v. *Martin,* 8 Ad. & El. 512 ; *Aldrich* v. *Boston & Worcester Railroad Co.* 100 Mass. 31 ; *Aycrigg* v. *New York & Erie Railroad Co.* 1 Vroom, 460 ; *Wilson* v. *Peverly,* 2 N. H. 548 ; *Church* v. *Mansfield,* 20 Conn. 284 ; *Thames Steamboat Co.* v. *Housatonic Railroad Co.* 24 Conn. 40 ; *Brown* v. *Purviance,* 2 Har. & Gill, 316 ; *Oxford* v. *Peter,* 28 Ill. 434.

GRAY, J.[*] A railroad corporation is liable, to the same extent as an individual would be, for an injury done by its servant in the course of his employment. *Moore* v. *Fitchburg Railroad Co.* 4 Gray, 465. *Hewitt* v. *Swift,* 3 Allen, 420. *Holmes* v. *Wakefield,* 12 Allen, 580. If the act of the servant is within the general scope of his employment, the master is equally liable, whether the act is wilful or merely negligent ; *Howe* v *Newmarch,* 12 Allen, 49 ; or even if it is contrary to an express order of the master. *Philadelphia & Reading Railroad Co.* v. *Derby,* 14 How. 468.

---

[*] COLT, J., did not sit in this case.

The conductor of a railroad train, from the necessity of the case, represents the corporation in the control of the engine and cars, the regulation of the conduct of the passengers as well as of the subordinate servants of the corporation, and the collection of fares. He may even eject a passenger for not paying fare. *O'Brien* v. *Boston & Worcester Railroad Co.* 15 Gray, 20. It has been adjudged by this court that if, in the exercise of his general discretionary authority, he wrongfully ejects a passenger who has in fact paid his fare; or uses excessive and unjustifiable force in ejecting a passenger who has not paid his fare, and injures him by a blow or kick, or by compelling him to jump off while the train is in motion; in either case, the corporation is liable. *Moore* v. *Fitchburg Railroad Co., Hewitt* v. *Swift,* and *Holmes* v. *Wakefield,* above cited.

We are all of opinion that this case cannot be distinguished in principle from those just mentioned. The use of unwarrantable violence in attempting to collect fare of the plaintiff was as much within the scope of the conductor's employment as the exercise or threat of unjustifiable force in ejecting a passenger from the cars. Neither the corporation nor the conductor has any more lawful authority to needlessly kick a passenger or make him jump from the cars when in motion, than to wrest from the hands of a passenger an article of apparel or personal use, for the purpose of compelling the payment of fare. Either is an unlawful assault; but if committed in the exercise of the general power vested by the corporation in the conductor, the corporation, as well as the conductor, is liable to the party injured. In *Monument National Bank* v. *Globe Works,* 101 Mass. 59, Mr. Justice Hoar said, " No corporation is empowered by its charter to commit an assault and battery ; yet it has frequently been held accountable in this Commonwealth for one committed by its servants."

The ruling of the learned judge who presided at the trial, that if the conductor, in seizing, or attempting to seize, articles of property belonging to a passenger, for the purpose of thus enforcing the payment of fare, committed an assault upon the passenger, the corporation was not responsible for such acts, was therefore erroneous.        -        *Verdict set aside.*