## No. 10,641.

### LOUIS LAFITTE vs. NEW ORLEANS, CITY & LAKE RAILROAD COMPANY.

Street railroad companies are not liable for wilful and tortious acts of their servants committed outside of the scope of their employment.

They are under obligations to carry their passengers safely and properly, to treat them respectfully, and if this duty is intrusted to a servant, he is responsible for the manner in which he executes the trust. They must protect their passengers, not only from violence and insults of strangers, but a fortiori against the violence and insults of their own servants.

APPEAL from the Civil District Court for the Parish of Orleans. Voorhies, J.

*P. E. Théard & Sons* for Plaintiff and Appellee:

1. A street railway company is answerable in damages for the insulting conduct of one of its drivers toward a passenger. Williams vs. Pullman Palace Car Co., 40 An. 87, 41; 57 Maine 202; 5 La. 431; 10 An. 1; 14 Howard, 468; C. C. 2315, 2317.

2. A street railway company is also responsible for the unlawful and unwarranted arrest of a passenger, on a malicious charge made by one of its drivers that the passenger had passed a counterfeit coin.

3. Proof of actual damage in such cases is not necessary. 40 An. 423; 33 An. 914; 25 An. 170; 14 An. 198.

4. Where it is shown that the arrest was entirely without probable cause, malice will be inferred. 6 An. 578; 29 An. 172; 24 An. 330; 28 An. 443.

5. In a case turning on facts, the verdict of the jury and the judgment of the judge *a quo*, who heard and saw the witnesses and had the best opportunity of testing their verity, will be affirmed, unless it is manifestly erroneous. 39 An. 20; 31 An. 430; 41 An. 808.

   This rule applies specially when the evidence is conflicting. 39 An. 610, 929; 37 An. 655; 23 An. 253; 13 L. 463.

6. The assessment of damages to feelings and reputation is a difficult thing. It is peculiarly within the province of a jury. C. P. 313. Hence the amount of a verdict will not be reduced, unless glaringly unjust.

7. When the amount allowed is small, and it is shown that the jury in assessing the damages were misled by the charge of the court, their verdict should be increased.

*Buck, Dinkelspiel & Hart* for Defendant and Appellant:

1. A corporation, principal, is not responsible for damages caused by wilful or intentional acts of its agent or employé, not committed within the apparent or real scope of his employment.

2. The test of liability is involved in the inquiry whether the acts, out of which the damage is alleged to have arisen, were committed in the furtherance of the company's business, or in the protection of its interests.

3. The evidence showing that the drivers of the cars of the New Orleans, City & Lake Railroad Company, and particularly the driver of the car on which the incidents happened, out of which this suit arose, that said driver was furnished with a certain amount of money to enable him to make change, for the convenience of passengers; that that money was at his own risk; that he was bound to account to the company therefor whenever called upon, or at the termination of his employment; that he had no other function in connection with the payment of fares by passengers, except to give them change for money to enable them to pay their fares—passengers paying their own fares by depositing the amount in a box provided for that purpose. Held: That a controversy arising between the driver and the passenger, as to whether a coin exchanged was counterfeit or not, out of which a personal difficulty grows, terminating in the arrest of the party on the charge of the driver, is entirely a matter personal to the driver, in which the company has no interest, and the company is not responsible for the damage caused thereby.

4. Independent of any other consideration, where such arrest of one who has been a passenger is made by a police officer, on the verbal charge or accusation of the driver, or other employé of the company, at the terminus of the company's line, to which the passenger had been carried, and at which he left the car and was taken in charge on the street by the officer, on such mere verbal order, the facts do not constitute an arrest made by the driver within the line of his employment, and the company is not responsible for the consequence thereof.

5. In an action for damages for personal insult, slander or libel, where the accusation itself is not in its nature libelous, or actionable *per se*, no recovery can be had without proof of special damage.

6. In such action, as well as in the action for damages for false imprisonment, malice is the essence of the cause of action

7. In a suit for malicious prosecution the four elements must concur: Malice, want of probable cause, prosecution and its termination, and proof of damage suffered or sustained.

8. Probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting. 16 An. 3; 33 An. 329.

9. "An acquittal, or even subsequent proof of complete innocence, is not sufficient evidence of want of probable cause. Such actions are not favored, and a clear cause of the perversion of the forms of justice to the satisfaction of the perversion of the forms of justice to the satisfaction of private malice and wilful oppression of the innocent must appear to sustain them." 15 An. 165.

The opinion of the court was delivered by

McENERY, J. The plaintiff sued the defendant company for $20,000 for damages for abuse when in defenant's car, and for damages for malicious prosecution and false arrest and imprisonment. There was judgment for the plaintiff for the sum of $400, from which the defendant appealed. The facts are that, on the 27th day of December, 1889, the plaintiff entered the street car of the defendant company.

He handed to the driver of the car, through the change gate, one silver dollar for change. The drivers of the cars are instructed to furnish change to the amount of $2 to passengers. The driver returned to the plaintiff ninety-five cents, fifteen cents of which he placed in the fare box for himself and friends.

There was some altercation about the change being short five cents. The driver gave the plaintiff five cents, to make good the deficiency.

After going several squares, the driver charged the plaintiff with having handed a counterfeit dollar to him, for which he had given him the change. The driver, in the hearing of the passengers, threatened to have the plaintiff arrested when he reached the station. He frequently looked at the plaintiff in an angry manner, which attracted attention, and placed the plaintiff under suspicion. When the car reached the station, the driver and the starter at the station had the plaintiff arrested by a policeman, and confined in prison for a short while. There was a charge of passing counterfeit money lodged against plaintiff. The prosecution was dismissed, as the dollar, which it is alleged was counterfeit, was a good coin.

There is some conflict of testimony as to the exact point where the plaintiff was arrested. But we believe his statement is corroborated that he was arrested at the request of the driver by the policeman in response to the "whistle," a signal for the officer, which he blew before the car stopped, just as plaintiff was stepping from the car.

The petition of plaintiff contains two causes of action: one for abuse and defamation when in defendant's car, and the other for malicious prosecution. On the latter cause the record does not show that the charge against plaintiff and his consequent arrest, instigated by the driver of the car, was done in the exercise of the functions in which he was employed. The driver had no instructions to make arrest for the passing of counterfeit money. No inference of such

Lafitte vs. Railroad Co.

authority can be drawn from the fact of changing money for passengers. He does this act at his own risk and responsibility. The company loses nothing if counterfeit coin is accepted by the driver, as he is charged with it. It has no interest therefore in the arrest of the person attempting to pass counterfeit money, other than that which induces every citizen to make known crime when committed.

It may be, as alleged by plaintiff, that the act was malicious, wilful and tortious, but, as it was not done within the scope of the driver's employment, the defendant company can not be held responsible in damages. R. C. C. 2320; Williams vs. Palace Car Co., 40 An. 88; 8 Robinson 150; 15 La. 169; 28 An. 6; Cooley on Torts, 536.

The plaintiff was a passenger on defendant's street car line. He had paid his fare to his destination. He behaved himself with propriety. He was not drunk or disorderly. The complaint against him for passing counterfeit money was groundless. He was subjected to insult and defamation by the driver in the presence of other passengers. If not subjected to arrest within the car, he was practically placed under surveillance by the driver from the time he was charged with passing the counterfeit dollar until he arrived at his destination. In the case of Williams vs. Palace Car Co., 40 An. 88, we quoted from and approved of the law as expressed in the case of Goddard vs. R. R. Co., 57 Maine 202. In that case the court said: "The carrier's obligation is to carry his passenger safely and properly, and to treat him respectfully, and if he entrusts the performance of this duty to his servants, the law holds him responsible for the manner in which they execute the trust. He must not only protect his passengers against the violence and insults of strangers and co-passengers, but a fortiori against the violence and insults of his own servants." 57 Maine 202.

The same doctrine is laid down in the case of Keenan vs. Lizardi, 5 La. 531, also referred to and affirmed in case of Williams vs. Palace Car Co., 40 An. 88; 9 N. Y. Supreme Court, 922.

There was no conductor on defendant's car. The driver was in exclusive control of the car, and charged with the safe delivery of the passengers. He was the only servant of the company to whom the passengers could look for protection.

It is difficult to estimate damages to feelings and reputation. If the plaintiff was possessed of any pride, or had any regard for his

character, his humiliation in the presence of others when in defendant's car must have produced the severest mortification.

Under the facts presented in this case, it was the peculiar province of the jury to estimate the damages. In the case of Griffin vs. Railroad Company we said: "While we are not bound by the findings of a jury, even on questions of fact or of damages, and do not hesitate to reverse them when manifestly erroneous or excessive, yet we give them the weight to which they are justly entitled, and do not lightly disturb them."

The claim for damages for the false arrest and malicious prosecution did not go to the jury. Their finding was confined to the insult, abuse and defamation while in defendant's car.

We see no reason to disturb the amount awarded by the jury.

Judgment affirmed.