DANIEL McGILVRAY *vs.* WEST END STREET RAILWAY
COMPANY.

Suffolk.   March 15, 18, 1895. — June 21, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Assault by Street Railway Conductor — Scope of
Employment.*

A street railway company is not liable for an assault committed by one of its conductors while not acting within the scope of his employment by the company.

TORT, for damages alleged to have been occasioned to the plaintiff by one of the defendant's servants assaulting him while such servant was acting within the scope of his employment.

Trial in the Superior Court, before *Hopkins*, J., who ruled that there was no evidence to go to the jury upon which it was competent for them to find a verdict for the plaintiff, and directed a verdict for the defendant; and the plaintiff alleged exceptions, in substance as follows.

The plaintiff testified that he jumped on the car in East Cambridge and asked the conductor if it went as far as Prospect Street; that the conductor did not seem to hear him, and he took it for granted that it was all right, and paid his fare; that it then turned into the stable on Cambridge Street near Eighth Street, and he got off the car, and after an altercation with the conductor as to the contract to carry him to Prospect Street not being carried out, he walked along with him until opposite the stable door; that he put his left foot upon the step, the other being down, and had his hands in his pockets talking with him, and the conductor said, " Are you looking for trouble ? " and he said, " No, I am not looking for trouble, I am waiting a little while for another car " ; and the conductor pushed him around and snapped his leg off.

On cross-examination, the plaintiff further testified that the conversation between him and the conductor took place after he had left the car and gone on the sidewalk, and after he knew that it was the end of the route; that he got off at the point in the street where the track running into the stable leaves the

straight track in the street, and that he walked with the conductor on to the sidewalk.   There was also evidence by another witness that the track along there was in the usual position in the centre of the street; that it was twelve or fifteen feet from the railroad track to the sidewalk on the side of the street toward the stable; that the sidewalk was the ordinary one, though not paved; that the switch was where cars were turned to go into the stable; that from that point down to the stable door where the accident happened was about thirty feet, or a little more; and that there were signs on the buildings, "Positively no admittance.   Apply at the office."   It also appeared that the street cars stopped for passengers to get on or off cars at a point in the street in front of the stable, and that it was the custom for passengers to collect there to take the cars; it was also the starting point for some of the cars.

*L. M. Child*, for the plaintiff.

*W. B. Sprout*, for the defendant.

BARKER, J.   If we assume in favor of the plaintiff that upon the evidence the jury might find that he had paid his fare through to Prospect Street, and that, in addition to his right to remain unmolested upon the public street, he had the right, upon leaving the car which had been switched into the stable, to inquire of the conductor why the contract to carry him to Prospect Street was not carried out, and to enter the stable to ascertain when and how he could be carried to his destination, yet the verdict for the defendant was rightly ordered. The only reasonable inference to be drawn from the whole evidence is, that, while waiting in the public street to take one of the defendant's cars, he saw fit to engage in an altercation with a person who was in fact one of the defendant's servants, and received from him an assault which was not made for any purpose which the jury could find to be part of the defendant's business.   The defendant had no control over the place where the plaintiff was, and no duty to protect the plaintiff there from any assaults, although it would be responsible to him for assaults committed upon him there as elsewhere by its servants in the scope of their employment.   The suggestion that it could be found within the scope of that employment for a servant to punish him for asserting his rights against the defendant is

of course untenable; nor is there in the suggestion that the assault was for the purpose of putting him out of the defendant's premises sufficient ground to warrant submitting the case to a jury.                              *Exceptions overruled.*