MARY LEVINS *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.    November 20, 1902. — April 1, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Carrier.    Railroad.    Master and Servant.*

Money, not intended for travelling expenses, in the purse of a passenger in a parlor car, is not baggage for which a railroad company operating the car is liable as a common carrier.

If a passenger in a parlor car operated by a railroad company places his purse containing money on the window sill of the toilet room of the car and goes back to his seat without remembering it, the money is not intrusted to the carrier, nor delivered into its possession.

A railroad company operating a parlor car is not liable for the loss of money contained in the purse of a passenger, if it is stolen by a porter in the employ of the company when left by the passenger on a window sill of the toilet room of the car, the act not being within the scope of the servant's employment.

TORT for $410 alleged to have been stolen by a porter of the defendant while the plaintiff was travelling in a parlor car owned and operated by the defendant.   Writ dated July 9, 1898.

At the trial in the Superior Court before *Sherman,* J., it appeared, that the car was owned and operated by the defendant and that the porter was in the defendant's employ, that the plaintiff was travelling on a free railroad pass, but had paid for her seat in the parlor car, that having occasion to visit the toilet room of the car she left her purse on the window sill while washing her hands, and returned to her seat without remembering it.   Very soon after this she missed her purse, and returning for it found the door of the toilet room locked.   On rattling the door it was opened and the porter stepped out. The purse was not on the window sill, and, although the porter was searched, neither the purse nor the money was found.   Other material facts are stated by the court.

The judge ordered a verdict for the defendant ; and the plaintiff alleged exceptions.

. *G. R. Swasey & W. P. Thompson,* for the plaintiff.

*J. L. Hall,* for the defendant.

HAMMOND, J.   The evidence is conclusive that the money lost was not intended to be used for travelling expenses, but for an entirely different purpose.   The plaintiff was upon the train, going to her home in the city of New York.   She had a pass and a special ticket, upon both of which she relied to get there.   She testified that the money had been obtained by a recent sale of certain property in New York, belonging to her mother, that her mother had consented that she might use it in the purchase of an interest in the business of one Snyder in New York, and that it was "not at all" for travelling expenses, but that she intended to use it for the purpose of going into business.   The money therefore was not baggage within the legal meaning of that term as used in this connection ; and as to it the common law liability of a common carrier was not upon the defendant. *Jordan* v. *Fall River Railroad,* 5 Cush. 69.   *Dunlap* v. *International Steamboat Co.* 98 Mass. 371, and cases cited.   Nor was the money intrusted to the defendant.   It was kept within the exclusive control of the plaintiff.   The defendant was not even a gratuitous bailee.   In a word, the money was not baggage, nor

was it under the care or in the possession of the defendant. Neither as a common carrier, nor as a bailee did the defendant assume any care whatever over it, nor with respect to it did it as such owe any legal duty to the plaintiff. The contract between the plaintiff and the defendant did not cover the money, and the legal relation of the defendant to it after the contract was no other than before. In this respect the case is clearly distinguishable, on the one hand, from that numerous class of cases in which the article lost was baggage within the meaning of the term as used in this connection, in which cases the common law liability exists, and, on the other hand, from the class of cases, perhaps equally numerous, where the property is delivered into the possession of the carrier, in which cases a liability arises from the bailment. If, therefore, the money had been stolen by any person other than the defendant or some one of its agents or servants, it could not have been said that the loss was in any way attributable to a failure of duty on the part of the defendant.

It is contended however by the plaintiff that the jury would have been justified in finding that the money was stolen by the porter, one of the servants of the company; and she insists that in such a case the defendant would be liable. Assuming in her favor, for the purposes of the discussion, that the jury might properly have found that the porter stole it, we do not think that the defendant could have been held liable for the act. It is true that, where there is a duty to be performed by the carrier with reference to the person or property of a passenger and there has been a failure to perform it, the fact that the failure arose from a positive act of a servant to whom the carrier had delegated the performance of the duty is no defence. A familiar instance is where a passenger is wilfully assaulted by a servant to whom the carrier has delegated the duty of using proper care to prevent such an assault. Such a case differs from that where the assault is committed by a servant acting within the scope of his employment, as in *Moore* v. *Fitchburg Railroad,* 4 Gray, 465; and the carrier is held, not upon the ground that the assault was committed by his authority, but upon the ground that he failed to exercise his duty to protect the passenger; and hence the declaration in such a case is not for an assault, but for

a failure to prevent one. *Bryant* v. *Rich*, 106 Mass. 180. Such being the ground of liability, it can make no difference by whom the assault was committed, provided there be negligence shown in the performance of the duty respecting the protection of the passenger.

The plaintiff has failed to show any legal duty resting upon the defendant as to the care of this money lying upon the window sill where the plaintiff placed it. It was not within the scope of the employment of the porter to make any new contract, or to modify one already made. He had a very limited duty as to the performance of contracts already made and the duties of the defendant arising therefrom, and there his power to represent the defendant stopped. If he stole the money, he and not the defendant was the thief, and the act was not the result of any failure of the defendant to discharge its duty. There is no ground upon which the defendant can be held. For similar cases in other jurisdictions see *Illinois Central Railroad* v. *Handy*, 63 Miss. 609 ; *Root* v. *New York Central Sleeping Car Co.* 28 Mo. App. 199.

The conclusion to which we have come upon this ground of the defence renders it unnecessary to consider the others, some of which seem quite formidable, upon which the defendant relies.

*Exceptions overruled.*