FRANCES CONROY *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   March 10, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Street Railway.   Carrier.   Negligence.*

One who has alighted from an electric street car, upon a reserved space of grass in the centre of a street over which the tracks of the street railway are laid, has ceased to be a passenger of the railway company operating the car, and while crossing the reserved space after alighting has only the rights of a person lawfully upon the street.

TORT for injuries from falling over one of the rails of a track of the defendant on Columbia Road opposite Wolcott Street in that part of Boston called Dorchester, after the plaintiff had alighted from a car of the defendant and was crossing the reserved space of grass in the centre of that road over which the tracks of the defendant are laid, the reserved space being under the care, control and management of the park department of the

city of Boston. Writ in the Municipal Court of the Roxbury District of the City of Boston dated July 10, 1902.

On appeal to the Superior Court the case was tried before *Schofield,* J., without a jury. He found for the defendant as stated in the opinion; and the plaintiff alleged exceptions.

*M. L. Jennings,* for the plaintiff.

*C. S. French,* for the defendant, was not called upon.

BARKER, J. That part of the defendant's railway with which this action is concerned was in a public way the control of which was in a board of park commissioners. The railway tracks were in the centre of the street in a reserved space from which horses and ordinary teams and vehicles were excluded but which was open to the use of the public on foot. After alighting from a car the plaintiff walked upon this reserved space a few feet to a point behind the end of the car and then attempted to walk across the part of the street occupied by the tracks. She fell over one of the rails, and was injured.

The suit is in tort to recover compensation for her injuries. It was tried without a jury, and with a finding for the defendant is here upon exceptions taken by the plaintiff to the refusal of the presiding judge to give certain rulings.

All that we deem it necessary to say in overruling the exceptions is that when the plaintiff left the car she ceased to be a passenger; *Creamer* v. *West End Street Railway,* 156 Mass. 320 ; that the fact that the part of the street where the tracks were laid was not allowed to be travelled by ordinary vehicles imposed upon the defendant with reference to those persons who had been or might be its passengers no duties other than those which a street railway is under because of its location in any street ; and that if under the declaration the case could be treated as one to recover compensation because of a want of repair or defect in some portion of a highway, which for some reason the defendant was bound to keep in repair, the bill of exceptions does not show that the presiding judge was bound to find the rail a defect or that there was any defect.

*Exceptions overruled.*