SOUTHERN EXP. CO. v. PLATTEN.

(Circuit Court of Appeals, Fifth Circuit. February 21, 1899.)

No. 727.

1 CORPORATIONS—LIABILITY FOR TORTS OF AGENTS—SCOPE OF EMPLOYMENT.

A declaration, in an action against a corporation for personal injuries, which alleges that defendant employed certain detectives to investigate an alleged robbery, and that in the course of such employment such detectives, with other persons procured by them, committed an assault on

plaintiff for the purpose of compelling him to confess to the commission of the robbery, and inflicted the injuries sued for, states sufficient facts to connect the defendant with the injury, and to charge it with liability therefor: the means employed by its agents in the investigation being left to their discretion, in the exercise of which they were within their authority. A ratification or repudiation of their acts by defendant after they were committed, and plaintiff's right of action had accrued, would be immaterial.

2. SAME.
Under the modern rule adopted by the courts, a corporation is liable at common law for torts committed by its servants or agents, precisely as a natural person would be.

3. PLEADING—DECLARATION IN TORT.
A declaration to recover for an assault alleged to have been committed on plaintiff by representatives and agents of defendant in the course of their employment is not demurrable because it fails to state the names of some of the assailants, alleged to be unknown to plaintiff.

4. DAMAGES FOR ASSAULT AND BATTERY—MENTAL SUFFERING.
In an action of tort to recover damages for an assault and battery, where there is proof of substantial physical hurt and injury, the plaintiff is entitled to recover compensation for the mental pain and suffering that necessarily resulted from the original injury.

5. EVIDENCE OF AGENCY—ACTS OF ALLEGED AGENT.
Acts of an alleged agent tending to show the exercise of control and authority over the business of the principal, and declarations and state· ments of agency made in the presence of other known agents, are admissible to establish the agency.

6. PLEADING—VARIANCE—AMENDMENT DURING TRIAL.
The action of a trial court in denying a motion for judgment on the ground of a variance, and in permitting the amendment of the declaration, after the conclusion of plaintiff's evidence, to conform to the proof, is not an abuse of discretion, where it is not claimed that defendant was misled by the variance to his prejudice.

Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Southern District of Florida.

John F. Hartridge, for plaintiff in error.

H. P. Logan, J. W. Brady, and F. M. Hammond, for defendant in error.

Before PARDEE, Circuit Judge, and SWAYNE and PARLANGE, District Judges.

SWAYNE, District Judge. This is an action originally brought by John J. Platten, Jr., defendant in error, against the Southern Express Company, a corporation under the laws of the state of Georgia, plaintiff in error, to recover damages for personal injury inflicted upon him by reason of an assault with deadly weapons committed by certain employés of the defendant company. The suit was originally brought in the circuit court, Pope county, Fla., but was afterwards removed by the defendant company into the circuit court of the United States for the Southern district of Florida. The facts alleged by the plaintiff in his declaration, and proved on trial, except as hereinafter qualified, are as follows: That on or about the 1st day of April, 1897, the office of the defendant company situated in the town of Bartow, Fla., was robbed of the sum of $2,500, and that shortly thereafter the defendant

company sent its agents, W. T. Sherrett and C. L. Myers, to the town of Bartow aforesaid, for the purpose of investigating the said robbery, and to procure, if possible, evidence sufficient to convict the person or persons who perpetrated the same; that the said W. T. Sherrett and C. L. Myers were especially selected by the defendant company for this purpose, and in pursuance of their employment, and in the investigation of the said alleged robbery, the said C. L. Myers, together with N. W. Buxton, and two other persons to the plaintiff unknown, were employed by the said agents to make an assault with deadly weapons upon the plaintiff, and to seize him, throw him down, and by brute force deprive him of his personal liberty, with intent to compel the said plaintiff to confess and admit that he had perpetrated the robbery upon the defendant above referred to; that the said agents and employés of the defendant company did endeavor to kidnap the plaintiff and carry him to a secluded spot, where they were to hang him up by a rope furnished by the officers of the company for that purpose; and that the object of the company in committing this assault was to compel the plaintiff to admit and confess that he had perpetrated the robbery above mentioned. There is a second count in this declaration, alleging a conspiracy between the defendant corporation, by its officers, agents, and special representatives selected and chosen to investigate the robbery above referred to, and other officers, agents, and representatives of the defendant company unknown to plaintiff, to commit the assault for the purpose hereinbefore set forth. To this declaration the defendant company demurred, which demurrer being overruled by the trial court, error was assigned; and the first question to be determined here is whether or not the court below erred in rendering judgment on this demurrer, sustaining defendant in error's declaration.

The three questions raised by the demurrer are: (1) Does the declaration show, by relation of fact, any connection between the defendant company and the assault complained of? (2) Were the employés of the defendant corporation, in committing the assault, acting within the scope of their employment? (3) Is it necessary that in such an action against a corporation the names of the parties who actually committed the assault be given?

To the first question it is alleged by the declaration that the defendant company selected, and sent to the vicinage of the robbery, its special agents and representatives, W. T. Sherrett and C. L. Myers; that these' agents were specially instructed to investigate the alleged robbery, and that the said agents, in pursuance of their employment, and in the investigation of the alleged robbery, acting within the scope of their employment, committed the trespass, to recover compensation for which this action was brought. The assault upon the defendant in error by these agents of the express company was committed to further the investigation of the robbery, and the wrong to defendant in error was committed by the agents of the defendant company, therefore, in carrying out the purposes of their employment. It is true that if the assault alleged had been committed willfully by the agents of the corporation, and in the performance

of an act not within the scope of their employment, then these agents, who were merely the servants of the stockholders of the corporation, could not by their conduct render the corporation liable. In the case at bar certain persons were employed by the defendant company for the lawful and commendable purpose of ascertaining who was guilty of the robbery set forth in plaintiff's declaration. They were clothed by the defendant company with the power to exercise their discretion as to the methods to be adopted in ferreting out the crime. Acting under this authority, clothed with this discretion, seeking to accomplish the ends for which they were employed, the agents of the defendant company did the wrong to plaintiff set forth in the declaration. It would not be contended otherwise than that a natural person, standing in the same relationship to the active wrongdoers in the case at bar as did the defendant company towards these agents, would be liable under the circumstances set forth. At common law a corporation could not be made a defendant to an action of battery, or such-like personal injuries, for, in its corporate capacity, it could neither beat or be beaten; a corporation being, in the language of Sir Edward Coke, "invisible, and existing only in intendment and consideration of law," and wholly devoid of corporal body. But of recent years, with the growth of corporations, the multiplicity of interests owned by them, the diversity of business enterprises by them conducted, "judicial tribunals, with much wariness, and after close and exact scrutiny into their nature and constitution," ex necessitate have modified the strict rules of the common law in relation to corporate liability; and it is now declared to be the law that a corporation is liable civiliter for torts committed by its servants or agents, precisely as natural persons. Fotheringham v. Express Co., 36 Fed. 252; Railroad Co. v. Quigley, 21 How. 202; Salt Lake City v. Hollister, 118 U. S. 256, 6 Sup. Ct. 1055; Railway Co. v. Harris, 122 U. S. 597, 7 Sup. Ct. 1286. It is admittedly correct, as stated by counsel for the defendant company, that affirmative, willful action by the chief officers of the defendant company could not have made the company liable for the acts complained of in the declaration, for the corporation is liable only for the acts of its servants and employés within the scope of their duties. But in the case at bar the detection of the felon who robbed the company's office was, in the judgment of the company, very important to it. They employed their agents to detect the wrongdoer and bring him to justice. It was their duty to have selected for this purpose safe, careful, and prudent men,—representatives who would pursue this special business of the company in a legal, proper, and prudent way. This they did not do. They selected as agents men regardless of the rights of others; men who sought only the end for which they were employed, regardless of the means adopted to bring about this desired consummation. These agents committed the assault upon the plaintiff; and for this action by its agents, acting within the scope of their authority, the defendant company cannot escape responsibility.

Whether or not there was a subsequent ratification of the acts of these agents by the chief officers of the company is immaterial, for the reason that immediately upon the perpetration thereof the liabil-

ity of the company to make satisfaction therefor attached. The acts of the agent were the acts of the company. If the perpetrators of this outrage had been successful, by means of the illegal and criminal methods employed against the defendant in error, in securing evidence against him that would lead to his conviction of the crime of robbery, or to the recovery by the company of the money of which it was robbed, then the company would have been the recipient of the advantage gained by the wrongful acts of its agents; and this was the end sought by the express company. But these agents were unsuccessful in their efforts, and the company gained nothing thereby. "The question is not whether the particular act was authorized, but whether the act done grew out of the exercise of an authority which the master had conferred upon the servant." The bare reading of the allegations of the declaration demonstrates that the acts complained of grew out of the exercise of the authority given by the defendant company to these representatives.

Should the demurrer to the declaration have been sustained for the reason that the names of the persons committing the assault were not named therein? There is nothing in this contention, for the reason that the names of these persons are set forth. In the declaration the names of these persons are given as follows: "Four persons, to wit, C. L. Myers, N. W. Buxton, and two others to plaintiff unknown," employés of the company, committed the acts complained of. But even if no names were set forth in the said declaration, and it was alleged simply therein that certain agents and representatives of the defendant company, to the plaintiff unknown, had been guilty of this trespass, then the contention of plaintiff in error could not be sustained, for the reason that this deficiency would be only in a matter of proof, and not of allegation in the pleadings. It follows that there was no error made by the trial court in overruling the plaintiff in error's demurrer.

It is contended by the plaintiff in error (the defendant below) that the trial court erred in permitting the plaintiff below to testify as to the mental suffering occasioned him by reason of the assault. Bearing in mind that this action was one purely of tort, and that there was proof of substantial physical hurt and injury, there can be no question but what the plaintiff below was entitled to recover compensation for the mental pain and suffering that inevitably and necessarily resulted from the original injury. As was said by Mr. Justice Gray in Kennon v. Gilmer, 131 U. S. 28, 9 Sup. Ct. 697:

"When the injury, whether caused by willfulness or by negligence, produces mental as well as bodily anguish and suffering, independently of any extraneous consideration or cause, it is impossible to exclude the mental suffering in estimating the extent of the personal injury for which compensation is to be awarded."

And in the case of McIntyre v. Giblin, 131 U. S. clxxiv., 9 Sup. Ct. 698, in an action brought by the defendant in error against the plaintiff in error to recover damages for negligent shooting, Chief Justice Waite expressly held that the plaintiff below was entitled to recover "a fair compensation for the physical and mental suffering caused by the injury."

Numerous assignments of error are based upon the admission of certain testimony which is alleged to be hearsay, and hence inadmissible. An examination of the record discloses that this so-called hearsay testimony was testimony of declarations and statements made by one who was proved to be an agent of the plaintiff in error while engaged in the transaction of the business of his principal, and hence was properly admitted in evidence. That the parties who made these declarations alleged to be hearsay were the agents of the plaintiff in error, there can be no reasonable doubt. The actions and conduct of W. T. Sherrett were of such a character, so continuous, so well known and notorious, not only to the people in and around the place where the robbery had been effected, but among the other recognized and admitted agents of the plaintiff in error. He was recognized, received, and assisted as an agent of the express company, and for nearly three weeks was virtually in control of its office at Bartow for the purpose of his employment. During this time, by his directions, the books of the company were mutilated, that the plaintiff below might be decoyed from his bed at night to be assaulted as described. These and other acts of W. T. Sherrett were properly submitted to the jury to establish agency. A careful examination of the record discloses no substantial error on the part of the trial judge in the admission of this testimony.

In the declaration it was charged that Myers and Buxton, and two others to the plaintiff unknown, were procured to make the assault set forth therein. There is no testimony whatever in the record that in any wise connects Myers with the assault, directly or indirectly. Upon the conclusion of the testimony on behalf of the plaintiff below at the trial, the attorney for the plaintiff in error moved the court to instruct the jury to bring in a verdict for the defendant on the ground that the evidence disclosed a fatal variance between the allegations of the declaration and the proof in this respect, which motion was denied by the court; and the ruling of the court on this motion was assigned as error. There is no allegation, or even intimation, that the plaintiff in error had been misled in maintaining its defense upon the merits by this variance. There is nothing in the record, or on the face of the pleadings, in any wise showing that the express company was prejudiced thereby in any respect. This being the case, such variance was an immaterial one, and the court was correct in overruling the motion, and allowing defendant in error at that time to amend his declaration by striking out the name of Myers. It is only in case of a very gross or flagrant abuse of the discretion of the trial judge in allowing amendments to the pleadings that the same will be interfered with in the appellate court. A careful examination of the entire record discloses no substantial error against the appellant, and the judgment appealed from is therefore affirmed.

PARDEE, Circuit Judge, dissenting.