CHARLES COLLINS *vs.* JOHN P. WISE & another.

Suffolk.    December 13, 1905. — January 4, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Assault and Battery.    Master and Servant.    Practice, Civil,* Verdict.

In an action for injuries from an assault and battery alleged to have been committed by a servant of the defendant, if the plaintiff's evidence tends to show the commission of an assault by a person in the employ of the defendant at a time when he was not acting within the scope of his employment, but the defendant's evidence tends to show that the assault was committed by the servant in the protection of his master's property under circumstances entirely different from those testified to by the plaintiff, a verdict for the plaintiff may be supported on the ground that the jury adopted the defendant's theory of the assault and found that the servant used more force than was necessary for his lawful purpose.

TORT for injuries from an assault and battery alleged to have been committed by a servant of the defendants, as described in the opinion.    Writ in the Municipal Court of the City of Boston dated September 28, 1903.

On appeal to the Superior Court the case was tried before *Bell,* J.    The jury returned a verdict for the plaintiff in the sum of $200 ; and the defendants alleged exceptions.

*J. W. Converse,* for the defendants.

*A. J. Connell,* (*J. M. Sullivan* with him,) for the plaintiff.

SHELDON, J.    This was an action to recover damages for an

assault committed upon the plaintiff by a bartender employed by the defendants in their store. The plaintiff testified that about half-past six o'clock in the evening he went to the defendants' store, bought and drank a glass of beer, obtained from a bartender a key to a water closet, which he used, and left the store; that about half an hour later he returned to the store to use the closet, and asked one Sullivan, another bartender, for this key, who refused to let him have it; that after some talk he told Sullivan that he had used the closet a little while ago, and then Sullivan came out from behind the bar and said to the plaintiff, " You are the fellow that used it, are you? " and committed the assault complained of. There was also evidence that Sullivan had heard that this closet had been defiled. The defendants' testimony tended to show that Sullivan was employed only as a bartender to take, prepare and serve orders for drinks, and collect pay for them, and had no authority to eject people from the premises, and nothing to do with maintaining order therein or with keeping them clean; that he had got through work at six o'clock in the afternoon and had left the store, but returned about seven o'clock in the evening merely to go to this closet; that on his coming out of the closet the plaintiff attempted to take the key from him by force, and he simply resisted this attempt by such force as was necessary, and did not strike or kick the plaintiff at all.

The defendants asked the judge to give several instructions to the jury, all of which were given in substance except the first, that there was no evidence in the case showing liability of the defendants, and the verdict must be for them. The judge left the question to the jury whether, if an assault was committed, it was done by Sullivan in the discharge or attempted discharge of a duty imposed upon him by the defendants, and instructed them that if in the exercise of any such duty Sullivan unjustifiably assaulted the plaintiff, or in the exercise of self defence exceeded the reasonable amount of force necessary therefor, that would make the defendants liable.

The defendants' contention is that the jury had no right, upon the plaintiff's evidence, to find that Sullivan's assault was committed in the pursuit of any duty resting upon him as the servant of the defendants; and they rely upon *Howe* v. *Newmarch,*

12 Allen, 49. And doubtless the plaintiff's evidence did tend strongly to indicate that Sullivan made the assault, not for the purpose of protecting the defendants' property, but merely to punish the plaintiff for having previously defiled the closet ; in which case it would be difficult to hold the defendants liable for his act. *Brown* v. *Boston Ice Co.* 178 Mass. 108. But we need not spend time upon this question, for we are of opinion that upon the defendants' evidence the jury were justified in finding that Sullivan was acting within the scope of his employment and for the purpose of protecting their property in his charge. He testified that the plaintiff attempted to take the key from him by force, and that he resisted this attempt; and the jury well might have found that the force which he used exceeded what was necessary for this purpose. The question was properly submitted to the jury, and the instructions were sufficiently favorable to the defendants.

*Exceptions overruled.*