## GOODWIN v. CINCINNATI TRACTION CO.

(Circuit Court of Appeals, Sixth Circuit. January 18, 1910.)

**1. CARRIERS (§ 320\*)—ASSAULT BY SERVANT—SCOPE OF AUTHORITY—QUESTION FOR JURY.**

In an action for injuries to a street car passenger by being assaulted by an inspector, evidence *held* to require submission to the jury of the question whether the inspector was acting within the general scope of his employment at the time of his assault.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 320.\*

Liabilities of carriers for injuries from negligence or torts of servants, see notes to Texas & P. Ry. Co. v. Williams, 10 C. C. A. 466; The Anchoria, 27 C. C. A. 651.]

**2. TRIAL (§ 139\*)—DIRECTION OF VERDICT.**

A case cannot be properly withdrawn from the jury because in the judgment of the court there is a preponderance of evidence in favor of the party asking a peremptory instruction, unless, on a survey of the whole evidence, and giving effect to every inference to be fairly drawn from it, the case is for the party asking the instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341; Dec. Dig. § 139.\*]

**3. CARRIERS (§ 283\*)—INJURIES TO THIRD PERSONS—ASSAULT BY INSPECTOR—MASTER'S LIABILITY.**

The liability of a carrier for injuries to a passenger from an assault committed by an inspector depended on whether the inspector at the time of the assault was acting within the scope of his employment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1121; Dec. Dig. § 283.\*]

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Action by Charles W. H. Goodwin against the Cincinnati Traction Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Orris P. Cobb and Oliver G. Bailey, for plaintiff in error.

Joseph Wilby, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge. The plaintiff, Charles Goodwin, brought this suit, against the defendant, the Cincinnati Traction Company, to recover damages for injuries inflicted on him while a passenger on defendant's street railway by one of defendant's servants. At the conclusion of all the testimony, upon motion of defendant's counsel, the court below directed a nonsuit, and taxed the costs against the plaintiff. The plaintiff duly excepted to the action of the court, and has prosecuted a writ of error to this court.

Eleven errors are assigned. At the hearing these were condensed and presented under three general heads.

The first assigned error, and the only one we deem it necessary to consider is:

"That on the merits the court erred in sustaining either a motion to direct a verdict or a motion for a nonsuit on the ground that the defendant was not liable for the assault by the inspector."

From the testimony it appears that in the early morning of April 17, 1907, the plaintiff entered one of the defendant's street cars at Forest and Harris avenues to be transported to his place of work, at or near Central avenue and Fourth street, Cincinnati, Ohio. After paying his fare to the conductor, he applied for, and was given, a transfer ticket to enable him, when the car arrived at Fifth and Vine streets, to transfer to an East End car which would carry him to or near his destination. The car that plaintiff boarded was crowded with passengers, and when it had reached a point known as Peeble's corner, at the intersection of McMillan and Gilbert avenues, they were informed by one Bresnan, an inspector of the defendant company, that that car would not go to the city, but would be turned back to Norwood, and he directed them to leave it at that point and take another car, which would carry them to the city. Bresnan, the inspector, directed the passengers, amongst them the plaintiff, to go to Sardino corner, some 50 or 60 feet from the car, and wait there, and he would see that they were taken to their destination.

While they were leaving the car, and going to the point indicated by Bresnan, where they were to catch the car on to the city, another inspector of the defendant company, Hess, by name, appeared upon the scene. The duty of these two inspectors was the same, which was, among other things, to direct the movements of the cars and passengers in such an emergency as this. After Inspector Hess appeared, both he and Bresnan were engaged in seeing that these passengers were transferred to the proper cars, and, in addition, Inspector Bresnan was aiding in switching the Norwood car so as to send it back in the direction from which it came. After the plaintiff, Goodwin, had gone to or near the place indicated by Bresnan, where he was directed to await the car to which he was to be transferred, and while he was waiting for the car, Inspector Bresnan approached Goodwin from the rear and struck him two or three blows with a switch iron, weighing eight or nine pounds, and injured him. There is considerable conflict in the testimony as to what was said by the parties before and at the time of leaving the car. With that we are not, at present, concerned.

The defense is, as we understand it, that at the moment of the assault made by Inspector Bresnan he was not acting within the scope of his employment as an inspector, for the reason that he had directed the passengers where to go to make the transfer and had put them in the care of Hess, and was then engaged in switching the Norwood car back toward Norwood, and at the moment of the assault the plaintiff was under the care and direction of Inspector Hess; and hence it is insisted that the company is not liable for the assault made by Bresnan upon Goodwin. This was the view taken by the trial judge. In passing upon the motion of the defendant for a nonsuit, he said that:

"At the time of the assault, Bresnan was not acting within the scope of his employment, and that the defendant is not liable for his assault, although Bresnan personally may be so."

In allowing the motion, we think the learned trial judge erred. Under the testimony as set forth in the record, the case should have been submitted to the jury, under proper instructions by the court.

Since the case is to be tried again, we refrain from expressing any opinion as to the weight of the evidence before us, but the court is of the opinion that the evidence is not so clear and convincing as that reasonable men, in the exercise of an honest and impartial judgment, can fairly draw but one conclusion from it, to wit, that at the time of the assault Inspector Bresnan was not acting within the general scope of his employment.

The rule is well settled in this circuit, and generally, to be that:

"The jury should be permitted to return a verdict according to its own views of the facts, unless, upon a survey of the whole evidence, and giving effect to every inference to be fairly or reasonably drawn from it, the case is palpably for the party asking a peremptory instruction. On the other hand, a case cannot properly be withdrawn from the consideration of the jury simply because, in the judgment of the court, there is a preponderance of evidence in favor of the party asking a peremptory instruction." Standard Life & Accident Ins. Co. v. Thornton, 100 Fed. 582, 40 C. C. A. 564, 49 L. R. A. 116; Travelers' Ins. Co. v. Randolph, 78 Fed. 754, 24 C. C. A. 305; Mt. Adams & E. P. Inclined Ry. Co. v. Lowery, 74 Fed. 463, 20 C. C. A. 596; Minahan v. Grand Trunk W. Ry. Co., 138 Fed. 37, 70 C. C. A. 463.

There is competent evidence tending to prove that Inspector Bresnan not only directed the transfer, and pointed out the place where the passengers should wait for the cars, but that he remained for the purpose of identifying the passengers to the conductors on the cars to which they were to be transferred, and to see that they were taken to their destination, and was acting within the scope of his employment at the time of the attack.

Upon the other hand, there is competent evidence tending to prove that Inspector Bresnan turned the passengers over to the care and direction of Inspector Hess and Bresnan remained only for the purpose of directing other cars, and, further, that the relation of Bresnan to the passengers so transferred as inspector had terminated, and that he was not acting within the scope of his employment at the time of the assault. Here, then, under the rule above stated, is presented a case peculiarly for the jury. The liability or nonliability of the defendant turns upon the fact as to whether or not the inspector was acting within the scope of his employment when he made the assault. How that fact is must be determined from the conflicting testimony, and this is the especial province of the jury.

The judgment of the court is reversed, and the case is remanded for a new trial.

Judge LURTON was a member of this court, and was present when this case was heard, and concurred in the conclusion reached, but before the opinion was prepared and announced he was appointed an Associate Justice of the Supreme Court of the United States.