MARIA J. MURPHY, administratrix, *vs.* BAY STATE WINE AND
SPIRIT COMPANY.

Suffolk.    January 9, 1912. — June 18, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Assault.    Agency.    Evidence,* Presumptions and burden of proof.

In an action by an administrator against the proprietor of a bar room for injuries
to the plaintiff's intestate, which resulted in his death, caused by an assault com-
mitted by two bartenders of the defendant, the only question was whether the
evidence would warrant a finding that the assault was committed by the bar-
tenders in the course of their employment.  There was evidence that the intestate
had been drinking and was under the influence of liquor, that while he was
standing at the bar taking a drink in this condition one of the bartenders came
from behind the bar and struck him on the head with a bottle and that immedi-
ately afterwards the other bartender took hold of him by his clothing and ran
him out of the room.    The first bartender after he had struck the intestate
went back behind the bar.  There was nothing to show any ill will on the part
of the bartenders toward the intestate.    A verdict was ordered for the defend-
ant.  *Held,* that by drawing reasonable inferences of fact it could have been
found that in ejecting the intestate the bartenders were acting within the scope
of their duties in the preservation of order, and that on such a finding the
defendant would be liable for their acts done in the performance of this duty,
even if they used unnecessary force.  *Held, also,* that if the facts were regarded
as showing two separate assaults instead of a continuous one in which both
bartenders participated, it was unnecessary to decide whether the evidence
would warrant a finding that the first bartender was acting within the scope
of his authority, because at any rate the plaintiff would be entitled to go to
the jury in regard to the assault committed by the second bartender.

The burden of proof may be sustained by the drawing of reasonable inferences from
facts which appear in evidence.

MORTON, J.  The plaintiff's intestate was taking a drink in a
saloon belonging to the defendant when he was assaulted by two
bartenders in the employ of the defendant and forcibly ejected
from the saloon, receiving injuries which caused his death.  This
action is brought to recover for the injuries so received.  At the
close of the plaintiff's evidence the presiding judge * ruled that
she could not recover, and the plaintiff duly excepted.  The case

* *Sherman,* J.

is here on report; if the exceptions are sustained, judgment is to be entered for the plaintiff for $5,000.

The question is whether the evidence would warrant a finding that the assault was committed by the bartenders in the course of their employment. We think that it would. The only witness who testified to the assault said that Murphy, the intestate, had been drinking. He "would not say he was either drunk or sober. He was not swearing or fighting." Just before the assault the bartenders were behind the bar attending to their work and Murphy was standing at the bar taking a drink, in a condition which could be found to have rendered him an undesirable patron. One of the bartenders came from behind the bar and struck Murphy on the head with a bottle, and immediately thereafter the other bartender "took hold of Murphy by the collar and seat of his pants and run him out of the bar room." The bartender who struck him went back behind the bar after the assault. It could be found, we think, that in ejecting Murphy the bartenders were acting in what they supposed to be for the interest of their employer in removing from the bar room a person under the influence of liquor. This could be found to be a reasonable if not the only reasonable explanation of their conduct. In the absence of anything to the contrary the preservation of order in the bar room would or could be found to be incidental to, if not fairly within their duties as bartenders. While the burden of proof is upon the plaintiff to show that what was done came within the scope of the authority of the bartenders, reasonable inferences are not to be excluded, but may properly be taken into account in passing upon the question whether there is any evidence warranting a finding in favor of the plaintiff. The bartenders were admittedly in the employ of the defendant, and the assault was committed in a bar room belonging to the defendant, where the bartenders were at work. There is nothing to show that the assault was for the purpose of gratifying any spite or ill will on their part toward Murphy. Even if one of them might have been actuated by ill will, it hardly would seem possible that both of them would be so actuated. The assault took place when Murphy was at the bar taking a drink as a customer in the condition which has been described. As we have said, a reasonable explanation, if not the only reasonable explanation of the conduct of the bartenders was or could be found to be that they

were acting in the interest of and for the benefit of their employer. If through excess of zeal they misinterpreted the extent to which they properly could go, and used an excess of force, that would not relieve the defendant. Whether, if what took place were to be regarded not as one continuous assault participated in by both bartenders, but as two separate assaults, the evidence would warrant a finding that the first bartender was acting within the scope of his authority we do not find it necessary to consider, since we are of opinion that the evidence in regard to the other assault would require the exceptions to be sustained and the case submitted to the jury. See *Collins* v. *Wise*, 190 Mass. 206; *Howe* v. *Newmarch*, 12 Allen, 49.

In accordance with the terms of the report the entry will be: Judgment for the plaintiff for $5,000.

*So ordered.*

*W. W. Clarke*, for the plaintiff.
*L. A. Ford*, for the defendant.