PENNSYLVANIA MINING CO. v. JARNIGAN.

(Circuit Court of Appeals, Eighth Circuit. March 8, 1915.)

No. 4273.

1. PLEADING ☞34—OBJECTIONS TO EVIDENCE—INSUFFICIENCY OF COMPLAINT.

In the federal courts, on an objection by defendant to the introduction of any evidence, on the ground that the complaint fails to state a cause of action, every reasonable intendment will be indulged in favor of the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. ☞34.]

2. PRINCIPAL AND AGENT ☞159, 193—LIABILITY OF PRINCIPAL FOR ASSAULT BY AGENTS—SCOPE OF AGENT'S AUTHORITY—QUESTION FOR JURY.

For an assault by agents the principal is responsible, if within the general scope of their authority, although they acted wantonly; and when the evidence and circumstances are open to conflicting inferences, the question whether the acts were within the scope of their authority is one for the jury.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 599–612, 721½–726; Dec. Dig. ☞159, 193.

Liability of principal for torts of agent, see note to Bradford v. Hanover Fire Ins. Co., 43 C. C. A. 316.]

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action at law by Frank Jarnigan against the Pennsylvania Mining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Ira D. Oglesby, of Ft. Smith, Ark. (George O. Patterson and Paul McKennon, both of Clarksville, Ark., on the brief), for plaintiff in error.

Covington & Grant, of Ft. Smith, Ark. (J. V. Bourland, of Ft. Smith, Ark., on the brief), for defendant in error.

Before ADAMS and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. Jarnigan was plaintiff below. He was a union leader and organizer. There had been trouble at the mine of the defendant in Arkansas, and further trouble was apprehended. Defendant's superintendent testified that he had heard that there might be a disturbance, and that the union was going to come down and clean up the camp and burn all the buildings. Guards had been appointed to meet this danger. A superintendent by the name of Eyster was in charge of them. He says he was out to protect the property because warning had been sent that the camp and buildings were going to be destroyed. A group of these guards, with Eyster, superintendent, met the plaintiff at a gate in the highway leading into defendant's property. Eyster said to him:

"Frank, you have been scaring the women and children of this camp a good deal lately. Do you think it is right?"

Further words followed, when the guards and Eyster set upon plaintiff and beat him severely. At the conclusion of the assault, Eyster said to plaintiff:

"Frank, you done well to get out as well as you did; if you ever come again, and try to organize, you will get more than you did."

[1] The complaint charged that:

"The defendant stationed at its mine certain named men and other agents and employés for the purpose of guarding and protecting its property and interest, and while its said agents and employés were acting within the general scope of their employment, assisted by, and under the personal order, guidance, and direction of, its superintendent, Bob Eyster, they waylaid this plaintiff while he was on the public highway leading from Clarksville to Jamestown, at what is known as the 'district gate,' and with deadly weapons unlawfully, wantonly, wickedly and maliciously attacked, beat, bruised, and wounded him."

Several assignments of error are based upon the action of the court in overruling defendant's objection to the introduction of any evidence under the complaint, because it failed to state a cause of action. We think the complaint is sufficient. Even if it were not, the objection would not support an assignment of error. The practice of attacking a complaint in this manner, after the trial has commenced, has been frequently condemned by this court. Against such an attack, every reasonable intendment will be indulged.

[2] At the conclusion of all the evidence, defendant moved for a directed verdict. This is the only assignment of error that has merit. There was evidence tending to support the claim of the company that the assault was personal, and not made for the purpose of protecting the company's property. On the other hand, there was evidence and

circumstances tending to support the claim of the plaintiff. This issue was submitted to the jury in a charge of which the defendant has no cause of complaint. If the guards acted within the general scope of their authority, the company is responsible for what they did, although they acted wantonly. Denver & Rio Grande Ry. v. Harris, 122 U. S. 597, 7 Sup. Ct. 1286, 30 L. Ed. 1146; Lake Shore Ry. Co. v. Prentice, 149 U. S. 101, 109, 13 Sup. Ct. 261, 37 L. Ed. 97; Stewart v. Wright, 147 Fed. 321, 77 C. C. A. 499; Southern Express Co. v. Platten, 93 Fed. 936, 36 C. C. A. 46. When the evidence and circumstances are open to conflicting inferences, the question whether the acts were within the scope of the agent's authority is for the jury. Collins v. Wise, 190 Mass. 206, 76 N. E. 657; Bergman v. Hendrickson, 106 Wis. 434, 82 N. W. 304, 80 Am. St. Rep. 47; Deck v. Baltimore & Ohio R. R. Co., 100 Md. 168, 59 Atl. 651, 108 Am. St. Rep. 399; Magar v. Hammond, 183 N. Y. 387, 76 N. E. 474, 3 L. R. A. (N. S.) 1038; Brennan v. Merchant, 205 Pa. 258, 54 Atl. 891.

The jury returned a verdict in favor of the plaintiff for $5,000. The trial court, on motion for new trial, required this to be reduced in the sum of $1,800. Upon that being done, the motion for new trial was denied. We find no error in the record.

The judgment is therefore affirmed.