### WHITTED v. SOUTHWESTERN TELEGRAPH & TELEPHONE CO.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1916.)

No. 4504.

1. MASTER AND SERVANT ⊚⇒300—TORTS OF SERVANT—LIABILITY OF MASTER.

A master is liable for the torts of his servant, committed in the course of his employment and within its scope.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1209; Dec. Dig. ⊚⇒300.]

2. MASTER AND SERVANT ⊚⇒332(2)—MASTER'S LIABILITY TO THIRD PERSONS—EVIDENCE—SCOPE OF EMPLOYMENT—ASSAULT AND BATTERY.

In an action for assault and battery, committed by defendant's general manager after he had rightfully ejected plaintiff from defendant's telephone booth, using no more force than necessary, evidence *held* sufficient to take to the jury the question whether the subsequent assault, following almost immediately thereafter, was a continuance of the first assault, so as to render the defendant liable, or was a mere personal quarrel, having no relation to the duties of the general manager.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1275; Dec. Dig. ⊚⇒332(2).]

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by Burt Whitted against the Southwestern Telegraph & Telephone Company. Judgment for defendant on a directed verdict (217 Fed. 835), and plaintiff brings error. Reversed and remanded, with directions to grant a new trial.

R. E. Wiley, of Little Rock, Ark., and Joe Hardage and T. N. Wilson, both of Arkadelphia, Ark., for plaintiff in error.

A. P. Wozencraft, of Dallas, Tex., and Walter J. Terry and Edward B. Downie, both of Little Rock, Ark., for defendant in error.

Before ADAMS and CARLAND, Circuit Judges.

ADAMS, Circuit Judge. Whitted, the plaintiff below, brought this suit against the telephone company to recover damages sustained by him by reason of an assault and battery committed by one John Grogan,

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

alleged to have then been acting as agent of the company and within the scope of his employment. At the close of all the evidence the court instructed the jury to find a verdict for the defendant. This was done, and judgment was rendered for the defendant. Plaintiff prosecutes error.

The evidence tended to show that the defendant telephone company maintains a public office in the depot of the St. Louis, Iron Mountain & Southern Railway Company, at Arkadelphia, Ark., for sending and receiving telephonic messages, the use of which was offered to the public for a consideration to be paid therefor; that the plaintiff, Whitted, having occasion to converse with a patron, entered one of the booths provided for that purpose, and called the operator at central station to secure the necessary connection. Some delay ensued, and plaintiff being then intoxicated, began abusing and cursing the operator, kicking the sides of the booth, beating the receiver against the telephone box, and otherwise creating disturbance. At this juncture John Grogan, the general manager of the defendant company, appeared upon the scene and ordered the plaintiff to cease his disturbance and to behave properly if he desired to use the booth. This not having the desired effect, but promoting more profanity and disturbance, Grogan forcibly ejected plaintiff from the booth, telling him he wanted no trouble with him; that all he wanted was that he should behave himself properly when transacting business there. He told plaintiff, if he would go away awhile and come back again, he would probably be able to get his party. This conversation occupied but little time, one witness putting it at 20 or 30 seconds. Hot words passed, and threatening attitude was taken by Whitted, and Grogan fearing for his personal safety, drew back and hit plaintiff a hard blow in the face with his fist.

[1] It is not contended that Grogan used more force in ejecting plaintiff from the booth than was reasonably necessary to get rid of him, and protect defendant's property from injury, and secure efficiency in the public service; and it is not contended that defendant would be liable to plaintiff for anything connected with that first assault. It is contended, however, that the second assault, when Grogan struck plaintiff in the face, was unwarranted and actionable. It is well settled that the master is liable for the torts of his servant when they are done in the course of his employment and within its scope. New Jersey Steamboat Co. v. Brockett, 121 U. S. 637, 7 Sup. Ct. 1039, 30 L. Ed. 1049; Texas & Pacific Ry. Co. v. Scoville, 62 Fed. 730, 10 C. C. A. 479, 27 L. R. A. 179; Goodwin v. Cincinnati Traction Co., 175 Fed. 61, 99 C. C. A. 661.

[2] The contention of the defendant in this case is that, although the first assault made by Grogan upon the plaintiff, ejecting him from the booth, was within the scope of his employment, it was justified by the obligation resting on Grogan to protect the property of the defendant and conserve the efficiency of its service; but that the second assault was so disconnected from the first as not to have been a part of it, and was not an act done in the interest of the defendant or the conduct of its business, and therefore was not within the scope of Grogan's employment in such way as to render the defendant liable

for it. On the contrary, the contention is that it was a distinct and personal controversy between Grogan and the plaintiff, culminating in a personal quarrel between the two.

A careful and attentive reading of all the proof satisfies us that there was substantial evidence arising, not only from the facts proven, but from the reasonable inferences deducible from them, to the effect that the second assault was a mere continuation of the first, and committed by Grogan for the purpose of preventing a continuance of the disturbance by plaintiff—enough, at least, to justify a submission of the issue to the jury whether or not the assault was committed in the interest of the defendant and within the scope of Grogan's employment, or whether it was a mere personal quarrel having no relation to the duty of Grogan to his master. A case involving facts quite similar to those in the present case (Pennsylvania Mining Co. v. Jarnigan, 222 Fed. 889, 138 C. C. A. 369) was recently before us. In it we held that the question whether the assault was personal, or representative of the master, was for the jury; so in this case we think the District Court should have submitted the issue presented to the jury under appropriate instructions.

The judgment must therefore be reversed, and cause remanded, with directions to grant a new trial.