JOHN RIDGE *vs.* J. J. FOLEY CAFE, INC.

Middlesex.        May 9, 1945. — June 1, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Agency,* Scope of authority or employment.        *Assault and Battery.*

Evidence that a bartender in charge of a barroom used unnecessary force in preventing an intoxicated person from entering the barroom warranted a finding that the bartender was acting within the scope of his employment.

TORT. Writ in the Superior Court dated May 7, 1943.

The case was tried before *Morton,* J.

*P. L. Keenan,* for the defendant.

*D. H. Fulton,* for the plaintiff.

LUMMUS, J. The plaintiff obtained a verdict for an assault and battery committed by a bartender employed by the defendant. The defendant excepted to the denial of its motion for a directed verdict in its favor, and contends that there was no evidence that the bartender acted within the scope of his employment.

There was evidence of the following facts. The plaintiff had frequented the defendant's barroom for some years, and knew the bartender well. They had always been friendly. On the day of the assault and battery the plaintiff came to the barroom twice, while intoxicated, to get more liquor and also instalments of money that he had left with the bartender, as he had done before, to enable the plaintiff to get home if he should spend all his other money while drunk. When the plaintiff came to the door of the barroom the second time, the bartender motioned to him to stay out. As the plaintiff opened the door, the bartender "pulled the door in" and struck the plaintiff in the eye.

The bartender was in charge of the barroom for the defendant. The bartender testified, however, that the plaintiff made no second visit, and denied any assault.

The jury of course could find that the bartender did assault the plaintiff, and could infer that the assault was not motivated by any private grudge. They could find that it was the result of an unduly violent attempt, in the interest of the defendant, to exclude the intoxicated plaintiff from the barroom, and that the bartender acted within the scope of his employment. *Murphy* v. *Bay State Wine & Spirit Co.* 212 Mass. 285. *Stager* v. *G. E. Lothrop Theatres Co.* 291 Mass. 464, 466. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44. *Curran* v. *Dorchester Theatre Co.* 308 Mass. 469. *McDermott* v. *W. T. Grant Co.* 313 Mass. 736, 738. The case is unlike *Sullivan* v. *Crowley,* 307 Mass. 189.

*Exceptions overruled.*