*Municipal Court of the City of Boston*

No. T-17377

**JAMES DWYER**

v.

**ANTONIO ROY DEMARCO AND THE HEARST PUBLICATIONS d/b/a THE RECORD AMERICAN**

Argued: Oct. 16, 1970 - Decided: Oct. 22, 1970

*Present:* Adlow, C. J., Morrissey, J.

Case tried to *Mottola, Sp. J.*

**Adlow, C. J.** Action of tort to recover for bodily injuries suffered by the plaintiff, James Dwyer, as a result of an assault and battery committed by the defendant, Antonio Roy DeMarco, an employee of The Hearst Publications, d/b/a The Record American. Count I alleged personal injuries by reason of the assault and battery of DeMarco. Count II alleged personal injuries by reason of an assault by DeMarco on the plaintiff, which occurred in the course of his employment while the defendant was employed by The Hearst Publications. There was a finding for the plaintiff on both counts. Since the defendant, DeMarco, has claimed no report, we are concerned only with the issues raised by the finding against The Hearst Publications.

*There was evidence that* on August 6, 1965 a truck operated by the plaintiff, Dwyer, was parked on Salem Street in Boston. At the same time a truck of The Hearst Publications, which was driven by DeMarco, approached the truck operated by the plaintiff. When DeMarco came within 15 feet of the place where Dwyer's truck was parked, he stopped for the reason that it was impossible for him to pass. When DeMarco asked Dwyer to move the truck he replied that he would be only a couple of minutes. An argument ensued. DeMarco got out of his truck and stepped over to the sidewalk, where Dwyer was picking up some bundles and struck Dwyer one

blow, knocking him to the ground. He then returned to his truck and backed down the street. Dwyer who suffered injury from the blow was taken to the hospital and was out of work for a considerable period.

At the time DeMarco was operating the truck of The Hearst Publications he saw on his way to his home in the North End for the purpose of eating his evening meal. He had permission from the supervisor of delivery trucks to use the company truck for this purpose. In the regular performance of his duties for The Hearst Publications, DeMarco delivered newspapers to the North Shore and Gloucester.

At the close of the evidence the defendant, The Hearst Publications, requested the court to rule:

> "4. As a matter of law the defendant breached no legal duty owed by it to the plaintiff.
>
> 5. The evidence warrants a finding that the defendant, DeMarco, was not acting within the scope of his employment at the time of the alleged incident."

The court in effect denied both requests and found for the plaintiff against The Hearst Publications. Being aggrieved by the court's refusal to rule as requested the defendant brings this report.

In order to sustain the court's finding against The Hearst Publications it is necessary for the plaintiff to prove that the driver of the defend-

ant's truck was acting within the scope of his employment at the time of the alleged assault. *Howe* v. *Newmarch* 12 Allen 49. Aside from meeting this test, there is the further burden on the plaintiff to show that in the performance of his duties for his employer it was within reasonable expectation that on occasion the driver of the truck might be obliged to meet the demands of his employment by resort to force. *Douglas* v. *Holyoke Machine Co.*, 233 Mass. 576. The facts under review do not warrant either conclusion. It has been ruled in this jurisdiction that where a garage employee whose duty it was to drive an automobile to the garage for repairs, instead of taking the direct and customary route, went in another direction to his home and was involved in an accident on the way back from his home to such route, no liability rested on the employer for the consequences. *Miguel* v. *Linden Motor Car Co., Inc.*, 312 Mass. 433.

Aside from these considerations we are not satisfied that the act of DeMarco in assaulting Dwyer was in any way associated with the interests of his employer. His employment involved the operation of a newspaper truck between Boston and Gloucester. Countless truck drivers have gone through life without ever engaging in an assault. The situation with respect to DeMarco's relationship with his employer is to be distinguished from that of the police officer who, acting under orders of an

agent of the Suffolk Downs racing track, evicted a patron and while doing so committed an assault. *Cowan* v. *Eastern Racing Assn., Inc.,* 330 Mass. 135.

Nor is the situation analogous to that posed by the facts in *Suckney* v. *Williams,* 1968 Adv. Sheets, 1341, where during a labor dispute, the defendant's agent, who accompanied a driver of the defendant to facilitate deliveries across a picket line, committed an assault for which the defendant was held liable.

For other cases distinguishing situation see 44 Harvard Law Review 641. In the *Cowan* and *Suckney* cases the agents for whose acts the defendants were held liable were engaged in acts of violence which were inherent in the nature of their employment. Restatement: Agency, § 245. In the cause under review, the acts of DeMarco in no way promoted the interests of his employer, nor was he, as a truck driver, expected to perform such tasks.

**Finding for the plaintiff on Count II vacated. Finding to be entered for the defendant on Count II.**

JOSEPH W. MAC DONALD of Dorchester, for the Plaintiff cited *Brown* v. *Boston Ice Co.,* 178 Mass. 108 where the driver of an ice truck struck a boy as punishment for breaking of an axe owned by the employer, the employer was not liable because the act was not within the scope of authority and not forseeable.

BADGER, PARRISH, SULLIVAN & FREDERICK of Boston, for the Defendant Hearst Publications.

## REPORTER'S NOTE

A master is not liable for acts of his servant committed outside the scope of his employment. Therefore, a master is not responsible where the servant commits an assault and battery on a third person arising out of a purely personal animosity, not connected with the work the servant was hired to perform. In other words, when a servant does a wrongful act without the authority and not for the purpose of executing the orders or doing the work of his master, the latter is not responsible in damages therefor; but if the act is done in execution of the authority given by the master and for the purpose of performing what he has directed, he is responsible whether the wrong done is occasioned by negligence or by wanton and reckless purpose to accomplish his business in an unlawful manner. *Howe* v. *Newmarch,* 12 Allen 49, 56-57 (Servant drove team upon the plaintiff). *McGilray* v. *West End St. Ry.,* 164 Mass. 122, 123. (Street car conductor assaulted passenger, company not liable because talk and affray occurred on sidewalk. Held outside scope of employment). *McCarthy* v. *Timmins,* 178 Mass. 378 (Servant went out of his way to go to a barroom to get a drink. Employer not liable. Deviation). However, an assault may be within the scope of employment. *Murphy* v. *Bay State Wine Co.,* 212 Mass. 285, 287. *Collins* v. *Wise,* 190 Mass. 206. *McGrath* v. *Wehrle,* 233 Mass. 456 (Teamster learning to operate auto

truck, had accident going to his own home was not acting within scope of employment). See: 15 LEGALITE 21 and 33 for Article of Liability of Master for Torts of His Servant. Also See: 52 ALR2d 287 for article ''Employee operating own auto on Mission of Employer.''

In *Konick* v. *Berke, Moore Co.*, 355 Mass. 463, 468, employer was held liable for injuries caused by employee's negligence while operating his own vehicle *on a mission for the employer.*