*Municipal Court of the City of Boston*

No. 251443

## MICHAEL ORASZ

### v.

## COLONIAL TAVERN, INC., d/b/a JACQUES RESTAURANT

Argued: Dec. 3, 1971 - Decided: Dec. 9, 1971

*Present:* Adlow, C.J., Gillen, Morrissey. J.J.

Case tried to *DeGuglielmo, J.*

**Adlow, C.J.** Action of tort to recover for an alleged assault and battery on the plaintiff by a bartender employed by the defendant corporation.

There was evidence tending to show that on September 25, 1969 at about 8:30 P.M. the plaintiff, Michael Orasz, entered the tavern operated by the defendant, approached the bar and asked the bartender, one Anthony Thomas, for a "Pabst Beer". The bartender served the patron with a "Schlitz" beer. The patron in a normal tone said "Perhaps you didn't hear me well. I ordered a Pabst Beer" whereupon the bartender served him a "Pabst beer," which he consumed without further conversation. As the patron rose to leave, the bartender

directed a vile and disgusting epithet at him and the patron retorted in similar language. Whereupon the bartender came from behind the bar and drawing a club from his pocket, struck him on the head, knocking him down and proceeding to kick him in the groin. While the patron was being assaulted on the floor, and lying helpless there, one of the onlookers tore a wristwatch and ring from the patron and added kicks to his body. In this action the patron seeks to recover for the injuries suffered by him at the hands of the bartender.

At the close of the evidence the defendant asked the court to rule the evidence did not warrant a finding for the plaintiff. The court refused to so rule and after making findings of fact substantially in accord with the recital above, found for the plaintiff.

There was no error. The business certificate offered in evidence identifies the defendant corporation as the operator of ''Jacques Restaurant'' where the assault occurred. There is no question that the assault was committed by an employee of ''Jacques Restaurant,'' and the sole question for our determination involves the extent to which the alleged assault was within the scope of the assailant's employment.

There may be circumstances under which an assault by an employee is beyond the scope of his employment and not a concern of the employer, *Dwyer* v. *Hearst Publications,* 45 Mass.

App. Dec. 126, but this is not one of them. In the *Dwyer* case a driver for Hearst Publications diverted from 'the prescribed route furnished by his employer to go to his home for lunch, and during a traffic tie-up in the North End, struck in the face the driver of a truck which blocked his path.

In the instant case the cause of the fracas was clearly the failure of the bartender to deliver to the plaintiff the brand of beer which he had ordered. It may appear silly that mature adults can get involved in a serious and dangerous altercation over such a petty issue, but the record clearly indicates that this was the true *casu belli*. The issue comes clearly within the rule prescribed in *Murphy, Admx.* v. *Bay State Wine & Spirit Co.*, 212 Mass. 285. *Ridge* v. *J. J. Foley Cafe Inc.*, 318 Mass. 310.

The bartender was acting within the scope of his employment when he inflicted the injuries on the plaintiff.

In the operation and management of a tavern there is a duty on its owners to use a degree of care in the selection of personnel that will at least measure up to what is impliedly assured to patrons, that they will be treated with courtesy and respect. It can hardly be said that a truncheon carrying plugugly measures up to this standard or serves to enhance the amenities of tavern socialibility. There was ample evidence to warrant the findings of the court.

JOHN G. KILPATRICK of Boston
  for the Plaintiff
    Cited *Fanciullo* v. *B, G & S Amusement
    Co.*, 297 Mass. 44. *Zerngis* v. *H. P. Hood
    & Sons, Inc.*, 255 Mass. 603.
THOMAS C. CAMERON of Boston
  for the Defendant