*Southern District*

# PAUL TORNBERG, PPA, ET AL[1]

## v.

# WILLIAM HAIRSTON, ET AL[2]

Argued: Dec. 21, 1971 - Decided: May 4, 1972

---

[1] Robert Major.
[2] Esther Hairston.

*Present:* Murphy, P.J., Covett, Rider, J.J.

Case tried to *Lee, J.* in the District Court of Brockton, No. 40440.

**Rider, J.** This is an action of tort in two counts, brought under G.L. c. 140, §155. In one count the minor plaintiff Paul, by his next friend, seeks to recover for personal injuries allegedly caused by a dog belonging to the defendants. In the second count, his father, the plaintiff Robert Major, seeks consequential damages. The answer, so far as material, is a general denial and an allegation that the minor plaintiff was at the time teasing, tormenting or abusing the dog. The court found for the minor plaintiff for $500.00 and for the plaintiff, Robert Major, in the sum of $24.75.

At the trial there was evidence tending to show that the minor plaintiff, who was twelve years old at the time of the accident, was playing in the backyard of the Smith residence with two Smith girls. It had showed and the children were trying to build a snowman. The defendants' premises adjoined Smith's and was separated therefrom by two fences, one a picket fence and the other a chain link fence, about three feet high and about six feet apart. The

minor plaintiff saw the dog come into the yard, saw him start to jump the fence, saw him jump two fences. The girls ran to the gate and the dog jumped on the plaintiff and he fell down and was bitten on the left thigh and left buttock. Mrs. Smith heard the children screaming and the dog growling and barking and came to the window in time to see the minor plaintiff on the ground and the dog over him. She did not see the events which preceded the incident.

The plaintiffs duly filed the following request for ruling:

> "1 (b)   The evidence warrants a finding that at the time of his injury, the plaintiff was not teasing or tormenting the dog and that he was not committing a trespass or other tort."

The defendants filed the following requests for rulings:

> "3.   The evidence does not warrant a finding that the minor plaintiff was not teasing, tormenting or abusing the dog or committing a trespass or other tort at the time of his alleged injury.
>
> 4.   The evidence does not warrant a finding for the plaintiff on Count I.
>
> 5.   The evidence does not warrant a finding for the plaintiff on Count II."

The court allowed plaintiffs' request for ruling No. 1 (b), and denied defendants' requests

for rulings Nos. 3, 4 and 5. The court found the following facts:

> "I find that the plaintiff, Paul Tornberg, was bitten by a dog owned by the defendants. I find that Paul Tornberg was building a snowman in his own yard with other children, when the defendants' dog jumped over a fence, attacked him, and bit him. I further find by inference that the plaintiff, Tornberg, was not teasing or tormenting the dog nor was he committing a trespass or other tort and therefore he is entitled to recover in this action. See Malchanoff v. Truehart, 354 Mass. 118 at page 123."

The defendants claim to be aggrieved by the allowance of plaintiffs' request for ruling No. 1, by the denial of defendants' requests for rulings Nos. 3, 4 and 5, and by the finding for the plaintiffs.

The pertinent portions of G.L. c. 140, § 155, read as follows:

> "If any dog shall do any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog . . .".

■■■ Under this statute, "the owner or keeper of a dog is liable ... for injury resulting from an act of the dog without proof ... that its owner or keeper was negligent or otherwise at fault, or knew, or had reason to know, that the dog had any extraordinary, dangerous propensity, and even without proof that the dog in fact had any such propensity." *Leone* v. *Falco,* 292 Mass. 299, 300. As stated in *Rossi* v. *Del Duca,* 344 Mass. 66, 69, "It is to be noted that the strict liability imposed by the statute is of no avail to a plaintiff if at the time of his injury he 'was committing a trespass or other tort, or was teasing, tormenting or abusing the dog'. And it is incumbent upon a plaintiff to plead and prove that he has done none of these things," citing *Sullivan* v. *Ward,* 304 Mass. 614.

In their brief the defendants concede that the minor plaintiff was not committing a trespass at the time of his injury, which occurred in the Smith's yard, not the defendants'.

The sole issue in this case is whether or not the trial court was warranted in finding by inference that the minor plaintiff was not teasing, tormenting or abusing the dog or committing a tort other than trespass at the time of his injury.

The trier of fact has the right to draw reasonable inferences. *Semerjian* v. *Stetson,* 284 Mass. 510, 514; *Commonwealth* v. *Desatnick,* 262 Mass. 408, 413; *Johnson* v. *Angel,* 23 Mass. App. Div. 19, 23.

Proof of a negative may, and must at times, rest upon inference. *Rich's Case,* 301 Mass. 545, 550; *Kangas's Case,* 282 Mass. 155, 158; *Crowell* v. *Malden,* 273 Mass. 456, 460.

The burden of proof may be sustained by the drawing of inferences from facts which appear in evidence. *Ridge* v. *J. J. Foley Cafe, Inc.,* 318 Mass. 310; *Murphy* v. *Bay State Wine and Spirit Co.,* 212 Mass. 285.

It is a general rule that a judge's general and special findings are to stand if warranted upon any possible view of the evidence. *Barttro* v. *Watertown Square Theatre, Inc.,* 309 Mass. 223; *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139, 143. And his general finding imports a finding of all subsidiary facts and the drawing of all permissible inferences in its support. *New York Central Railroad Co.* v. *Marinucci Bros. & Co., Inc.,* 337 Mass. 469, 471.

Here, the twelve-year-old plaintiff was building a snowman with two Smith girls in their yard. Defendants' dog jumped two fences into the yard, causing the girls to run to the gate. The dog jumped on the plaintiff and he fell down and was bitten. Mrs. Smith was attracted by the children screaming and the dog growling and barking; through the window she saw the minor plaintiff on the ground and the dog over him. With this sequence of events, it is our view that the inference was permissible that at the time of his injury the minor plaintiff was not teasing, tormenting or abusing the

dog or committing a trespass or other tort.

We hold that the evidence and the permissible inference therefrom justified the findings for the plaintiffs. See, *Rossi* v. *Del Duca*, 344 Mass. 66.

It follows, therefore, that there was no prejudicial error in the allowance of plaintiffs' request No. 1 (b) and the denial of defendants' requests Nos. 3, 4 and 5. *Milmore* v. *Landau*, 307 Mass. 589.

There being no prejudicial error, **an order should be entered dismising the report.**

RICHMAN & PERENYI of Brockton
    for Plaintiffs

DAVID W. WOODS of Concord
    for the Defendants