DICKINSON et al. v. HARRIS.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1917.)

·No. 2974.

1. APPEAL AND ERROR ☞866(3)—REVIEW—QUESTIONS PRESENTED FOR REVIEW.

Where each side moved for directed verdict, and the judge, treating the case as submitted to him on the facts and law, entered a general judgment for plaintiff, defendant, on writ of error, can only attack the judgment as being unsupported by any substantial evidence; there being no findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3474, 3475.]

2. MASTER AND SERVANT ☞302(1)—INJURIES BY SERVANT—SCOPE OF SERVANT'S AUTHORITY.

In an action against a railroad company for injuries inflicted on plaintiff, when defendant's station agent caught him and forced him to load barrels into a car, the fact that the agent, when the barrels were ·on the previous day tendered for delivery, demanded that plaintiff load them into the car, and on plaintiff's refusal declined to issue a bill of lading, though the loading was no part of plaintiff's duties, warrants a finding that the agent, in forcing plaintiff to load the barrels, was acting within the scope of his authority.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217, 1225.] .

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action by Archie C. Harris against Jacob M. Dickinson and others, receivers of the Chicago, Rock Island & Pacific Railway Company. There was judgment for plaintiff, and defendants bring error. Affirmed.

Wright, Miles, Waring & Walker, of Memphis, Tenn., for plaintiffs in error.

Anderson & Crabtree, of Memphis, Tenn., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. Harris, the plaintiff below, was a porter employed by a shipper of freight at Edmonson, a station on the Rock Island line, in Arkansas. As such porter, he delivered at the railroad freight house three empty oil barrels for shipment. The station agent directed him to load· the barrels into a freight· car, and· declined to issue a bill of lading until this was done; but Harris refused, and left the barrels on the platform. Under the rules and tariffs in force, plaintiff had performed the full duty of the shipper, it was the duty of the station agent to load the barrels into the car, and his demand that plaintiff do so was wholly unjustified. The next day, as plaintiff was passing by the station on other business, the station agent, by intimidation and force, took him from the street to the freight house and compelled him to put these barrels on the car. For the resulting physical

---

injury, plaintiff brought this action against the operating receivers of the railroad. On the ground of diverse citizenship, they removed it to the court below. At the conclusion of a jury trial, each side asked for a directed verdict. The judge thereupon treated the case as submitted to him upon the facts and the law (Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654; see Bank v. Maines [C. C. A. 6] 183 Fed. 37, 41, 105 C. C. A. 329), and entered judgment in favor of plaintiff. No special or general findings of fact or law were requested or made.

[1, 2] The only question presented to us is whether the act of the freight agent was so far within the scope of his employment as to make the railroad liable therefor. The question is in specially narrow compass. The judgment being general, and there being no findings, the utmost right of the defendant to be heard in this court is to urge the proposition that there is no substantial evidence tending to support the conclusion that the agent's act was within the scope of his employment. Upon this issue, we consider the case ruled by our former decision in Shadoan v. Cincinnati, etc., Ry., 220 Fed. 68, 72, 135 C. C. A. 636. See also Goodwin v. Cincinnati Co. (C. C. A. 6) 175 Fed. 61, 99 C. C. A. 661. If the agent had used this force upon Harris at the time of the first bringing in of the barrels, and for the purpose of compelling complete delivery in the manner that the freight agent was declaring to be the only right manner, it would hardly be thought that the agent was wholly outside the scope of his duty, however wrong he might be in interpreting that duty; and the delay which intervened here, does not serve to make the agent's later acts wholly independent of the original delivery. There is ample room to conclude that he did not regard the transaction as finished, and so was merely causing it to be completed according to his conception of his duty to the railroad. The refusal to issue the bill of lading until the manner of delivery suited the agent of itself tends to show the dependence of the later event upon the former.

The judgment must be affirmed.