### MEMPHIS ST. R. CO. et al. v. TOWNES.

(Circuit Court of Appeals, Sixth Circuit. May 2, 1922.)

No. 3616.

1. **Carriers** ⬤⟳283(3)—**Shooting of passenger by motorman held not in self-defense.**

   Undisputed evidence showed that plaintiff was a passenger on a street car of defendant; that when the car was stopped at a lonely place the conductor was shot, whereupon the motorman commenced shooting at plaintiff and two other negro passengers; that plaintiff ran and when 200 feet away, was struck by a shot, and injured. *Held,* that there was no evidence to support the defense of self-defense, and that the court properly directed a verdict for plaintiff.

2. **Street railroads** ⬤⟳79—**Act of employee within scope of employment actionable.**

   A street railroad company may be liable for the act of an employee in shooting a person who was not a passenger where he acted for the protection of the company's employees and property, though the act which inflicted the injury was beyond what was reasonably necessary for such protection.

In Error to the District Court of the United States for the Western District of Tennessee; John W. Peck, Judge.

Action at law by Woodson Townes against the Memphis Street Railway Company and T. H. Tutwiler and others, receivers. Judgment for plaintiff, and defendants bring error. Affirmed.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Roane Waring, of Memphis, Tenn. (Roane Waring, of Memphis, Tenn., on the brief), for plaintiffs in error.

John E. Bell, of Memphis, Tenn. (Bell & Phillips, of Memphis, Tenn., on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. [1] The court below instructed a verdict in favor of plaintiff, Townes, who was suing for personal injuries inflicted by the railway company's motorman. We are therefore required, for the purposes of this review, to consider the proofs in the light most favorable to the railway. Hence we assume that Townes was one of the three negro passengers upon the car when it stopped at a lonely spot in the outskirts of the city; that while so stopped the conductor, standing on the car platform, was shot and instantly killed; that the motorman had cause to believe that this shot came from the group of three negroes, that they would follow up the attack, and that his own life was in danger; and that under this belief he fired several shots at them, until they were driven from the car, one of Townes' associates being hit and severely injured. From this point on, the evidence is undisputed that Townes, having reached the ground, ran away as fast as he could, and that, when he was 200 feet away and still running, the motorman shot at and hit him, inflicting the injury for which this suit was brought.

The company's defense was that the motorman was acting in self-defense. The trial judge took the view that there was nothing to go to the jury to sustain this defense, and that upon the undisputed facts there should be a verdict for plaintiff. He left to the jury only the assessment of damages. We are entirely satisfied that there was no ground for any reasonable man to conclude that the motorman fired this shot in self-defense. Granting that, to sustain such a defense, it is not necessary that the motorman had any reasonable ground to apprehend danger from Townes, and that the question is whether the motorman did, in the excitement of the moment, really think that he was in great danger, still the defense here as to this last shot, is not good, for there is no basis for a jury to find that he did in fact have any such idea. His utmost justification, when testifying as a witness, is, in effect, that he feared that Townes would come back and kill him, unless he could kill Townes before the latter got away. This is beyond any permissible theory of self-defense. It is more plainly erroneous than the theory that a killing was justified in making an arrest, under the circumstances there existing, which theory this court held unsustainable in Railway Ass'n v. Moseley, 211 Fed. 1, 127 C. C. A. 427. The motorman was not "in the presence of an uplifted knife." Brown v. U. S., 256 U. S. 335, 41 Sup. Ct. 501, 66 L. Ed. ——.

[2] After submission to this court, counsel for the railway filed a supplemental brief, in which it was urged that the evidence tended to show such conduct by Townes and his associates as forfeited their right to protection as passengers, and that, at least as soon as they were justifiably driven from the car, the relation of carrier and passenger ceased. If this were to be conceded, it would not follow that the in-

strúction to find a verdict for plaintiff was necessarily wrong. The liability of the company in this class of case may exist in favor of one who was not a passenger, and upon the theory that the employee was acting within the scope of his employment in protecting the company's employees and property from wanton attack, and even though the act which inflicted the injury went beyond what was reasonably necessary to effect the protection. Illustrative cases of this character in this court are: Shooting at trespassers who had been already driven from the train (Shadoan v. Cincinnati Co., 220 Fed. 68, 72; 135 C. C. A. 636); an assault upon a consignor to compel him to load freight into the car (Dickinson v. Harris, 242 Fed. 926, 155 C. C. A. 514); and the use of more force than necessary to eject those stealing rides upon a freight train, as discussed in Cincinnati Co. v. Lovett (C. C. A.) 272 Fed. 421, 423.

We are not inclined to consider or decide whether an indisputable liability could be supported in this case upon this theory. The declaration alleged that Townes was a passenger and that the injury was inflicted upon him while a passenger. The defendants pleaded that they were not guilty of the wrongs averred, and specially pleaded that the shots which injured plaintiff were fired in self-defense. Upon the trial defendant presented nine special requests to charge, eight of which presented the theory of self-defense, and one of which, No. 6, suggested the theory of an attempt to arrest plaintiff for the murder of the conductor. The court and defendant's counsel agreed that this request, No. 6, was not within the issue made by the plea, and ought not to be granted. The claims that plaintiff had ceased to be a passenger, and that firing the shot which injured him was not within the scope of the motorman's employment were never presented or considered at the trial. Neither is any such claim specified by any assignment of error.

These considerations lead to the conclusion that the judgment must be affirmed.